STEWART VS. NETTLETON.

It is not essential to the validity of a judgment in an action for the foreclosure of
a mortgage where the whole amount is not due, that the record should show
that there was an order of reference to take proof whether the premises could
be sold in parcels. It is competent for the *court* to take such proof without a
reference; and where the judgment recited that it appeared to the court that
the premises could not be sold in parcels, that was sufficient.

APPEAL from the Circuit Court for *Green Lake* County.
*John C. Truesdell*, for appellants.
*Sloan & McFetridge*, for respondent.

January Term, 1861.

JESSUP et al.
v.
STONE et al.

April 10.

*By the Court*, PAINE, J. The only question which appears to be made in this case is, whether it is essential to the validity of a judgment in an action for the foreclosure of a mortgage, where the amount was not all due, that the judgment roll should show that there was an order of reference to take proofs whether the premises could be sold in parcels. No such order appears in this case; but the judgment recites that "it appeared that the premises were so situated that they could not be sold in parcels," &c. We think this is all that is necessary. It shows that the court informed itself of the fact; and whether this was done by means of a reference, or by taking the proof itself, is immaterial. It is true that sec. 6, chap. 145, says that in such cases the court shall direct a reference, &c. But we do not regard this as imperative. Such a reference is merely in aid of the court, to assist in the dispatch of business, and was never designed to deprive the court of the power to transact the same business if it saw fit. Accordingly in sec. 2, chap. 132, R. S., 1858, it is provided generally, that whenever the proof of any fact is necessary to enable the court to give judgment, the court "may hear the proof, or, in its discretion, order a reference," &c. We have no doubt of its power to take the proof as to the situation of the mortgaged premises; and the absence of an order of reference for that purpose shows no error in the record.

The judgment is affirmed, with costs.